UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ◊ | |
| | ◊ | |
| V. | ◊ | CAUSE NO. A 09 CR 240 JN |
| | ◊ | |
| KATYANNE MARIE KIBBY | ◊ | |

**DEFENDANT'S MOTION IN LIMINE**

TO THE HONORABLE JAMES R. NOWLIN, SENIOR JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

KATYANNE MARIE KIBBY files this Motion in Limine showing the Court as follows:

**I.     Reader Comment.**   Defendant requests that the Court order the government to first seek admission of certain evidence out of the hearing of the jury.  The evidence at issue here is a "reader comment" by Kibby on January 10, 2009, in response to a blog posting on usnews.com.[1]  Defendant submits that this evidence is inadmissible under the First Amendment as well as under Fed. R. Ev. 401 and 403.

**A.     Relevance**

The evidence at issue is irrelevant to prove that the alleged threat, an email sent by

---

[1]The comment stated: "this is one case when i think it would be totally appropriate to commit an act of violence against brandon. yes, his life is in danger."

Kibby earlier in the day on January 10, 2009, was in fact made by Kibby. Kibby will not dispute at trial that she knowingly sent the email. The reader comment otherwise has no bearing on any of the elements the Government has to prove under 18 U.S.C. § 1513(b)(2).

To prove that Kibby committed the alleged offense, the Government is not required to prove that Kibby intended the email to actually be understood as a threat. *See US v. Myers*, 104 F.3d 76, 80-81 (5th Cir. 1997) (courts will not presume specific intent absent language in statute to that effect) ; *U.S. v. Himmelwright*, 42 F.3d 777, 782-83 (3rd Cir. 1994) (reversing conviction under 18 U.S.C. § 875(c) for admission of evidence irrelevant to prove knowing communication of threat). Nor does the Government have to show that Kibby had the ability to carry out the alleged threat. *See Himmelwright*, 42 F.3d at 783. The reader comment doesn't "cast any light" on Kibby's intent to send the email (an issue not in dispute). *Id*. It is therefore irrelevant and inadmissible. Fed. R. Ev. 401 and 402.

**B.    First Amendment**

The reader comment is also inadmissible because it is protected speech under the First Amendment. The reader comment is not a threat. It is not "directed to inciting or producing imminent lawless action", *Brandenburg v. Ohio*. 89 S.Ct. 1827, 1829 (1969), nor is it "fighting words". *Chaplinksy v. New Hampshire*, 62 S.Ct. 766, 769 (1942). The comment is not otherwise among any of the categories of speech unprotected by the Constitution. *See Herceg v. Hustler Magazine, Inc*., 814 1017, 1020 (5th Cir. 1987). The

reader comment is therefore protected speech and is inadmissible against Kibby.[2]

## C.    Rule 403

Because the reader comment is protected speech, its admission would be unfairly prejudicial and would confuse the issues before the jury.  It should therefore be excluded under Fed. R. Evid. 403.

**II.    Prior Arrest.**  Defendant requests that the Court order the government to first seek admission of certain evidence out of the hearing of the jury.  At issue here is Ms. Kibby's arrest on July 22, 2006, in Minneapolis, Minnesota, for suspicion of having simulated weapons of mass destruction.  No charges were ever filed and Ms. Kibby was released.   Police arrested Ms. Kibby and others who were participating in what a local newspaper described as  "zombie dance party." Participants wore outlandish attire, which included backpacks with protruding wires.  This arrest, or any questioning about this arrest, will not be probative of anything relevant.  The arrest did not result in a conviction and cannot otherwise serve as a reliable basis for impeaching either Ms. Kibby or any of her witnesses, and if discussed, would only serve to confuse and mislead the jury. See, Fed. R. Evid. 609 (Impeachment by Evidence of Conviction of Crime); Fed. R. Evid. 404 (B) (other crimes, wrongs, or acts, not admissible to show action in conformity therewith); Fed. R. Evid. 403 (excluding relevant evidence on grounds of confusion).

---

[2]Should the Court overrule Kibby's objection to the admission of the reader comment, Kibby requests that the Court instruct the jury that the reader comment is not a threat and that the jury can only convict Kibby on the basis of the email.

WHEREFORE, premises considered, Defendant prays that the Court grant this

motion in limine and duly instruct the Government and its witnesses as requested.

Respectfully submitted.

HENRY J. BEMPORAD
Federal Public Defender


By:_____
/s/ JOSE I. GONZALEZ-FALLA
Assistant Federal Public Defender
Western District of Texas
One Commodore Plaza
800 Brazos, Suite 490
Austin, Texas 78701
(512) 916-5025
(512) 916-5035 (FAX)
Bar Number: Texas 08135700

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of November, 2009, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system which will send notification

of such filing to the following:

Mr. Gregg Sofer
Assistant U.S. Attorney
816 Congress Ave., Ste. 1000
Austin, TX 78701

_____
/s/ JOSE I. GONZALEZ-FALLA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

UNITED STATES OF AMERICA          §
                                  §
V.                                §     CAUSE NO. A 09 CR 240 JN
                                  §
KATYANNE MARIE KIBBY              §

**O R D E R**

On this date came on to be considered the Motion in Limine of Defendant and for

reasons stated therein, it is hereby GRANTED/DENIED.

So ordered on this the _____ day of November, 2009.

_____
JAMES R. NOWLIN
SENIOR UNITED STATES DISTRICT JUDGE