UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. A-09-CR-240-JRN-1 |
| | ) | |
| KATYANNE MARIE KIBBY, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION IN LIMINE REGARDING**
**FEDERAL RULES OF EVIDENCE RULE 404(b)**
**EVIDENCE TO BE OFFERED AT TRIAL**

Comes now the United States and submits the instant motion in support of its request to introduce evidence under Federal Rule of Evidence 404(b), of defendant's comments on an internet site in connection with an article about Brandon Darby and his cooperation with the Federal Bureau of Investigation (FBI). On January 10, 2009, the defendant sent an email to Brandon Darby stating, "you might want to let your fbi friends know that your life is in danger, if I ever personally cross your path again: may god forgive me. yours truly, kate." This email is the subject of the instant charge of Retaliating Against an Informant in violation of Title 18, United States Code, Section 1513(b)(2). On the same day that the defendant sent the above-described email, she also posted a comment on the U.S. News and World Report website to an article written about Brandon Darby and his cooperation with the FBI. In this posting, the defendant wrote, "This is one case when I think that it would be totally appropriate to commit an act of violence against Brandon. Yes his life is in danger." This posting was not charged in the instant case. Nevertheless, the government is seeking its introduction under Federal Rule of Evidence 404(b), as it clearly establishes intent and lack of mistake, and it's probity far outweighs any potential prejudice under Federal Rule of Evidence 403.

Based upon discussions with defense counsel, the government believes that the defendant will move to preclude the government from introducing evidence of the U.S. News and World Report posting under a number of theories: (1) that it is protected speech under the First Amendment[1]; (2) that it is irrelevant; and (3) that it is unduly prejudicial. Moreover, based on these same discussions, the government believes that the defense in this case will likely revolve around a lack of intent to threaten Brandon Darby, in that the defense will argue that the defendant, in a moment of anger, sent an ill-advised but not intentionally threatening email to the victim, Brandon Darby. The defense will also likely argue that by posting an open letter on the internet, explaining his reasons for cooperating with the FBI and calling for an open dialogue, Brandon Darby somehow invited the threatening email. The government submits that the posting on the U.S. News and World Report website is highly probative and relevant to these contested issues and is properly admitted under the body of case law in this circuit regarding Rule 404(b).

"For extrinsic evidence to be admitted in under Rule 404(b), it must meet two criteria. The evidence must: (1) be relevant under Rule 401 to some issue besides the defendant's character; and (2) possess probative value that substantially outweighs its prejudicial impact under Rule 403." United States v. Adair, 436 F.3d 520, 526 (5th Cir. 2006), citing United States v. Infante, 404 F.3d 376, 388 (5th Cir. 2005). The court is to make 'a common sense assessment of the relevant circumstances surrounding the extrinsic evidence" in determining whether the probative value substantially outweighs any possible prejudice. Id., citing United States v. Beechum, 582 F.2d 898,

---

[1] As described above, the government has not charged this comment as a violation of federal law. The fact that it may be protected by the First Amendment is irrelevant. Just like any statement by a defendant evincing her intent to commit a crime, the fact that certain statements might be afforded some kind of First Amendment protection that would prevent the government from criminally charging that statement is inapposite to the question of admissibility.

914 (5th Cir. 1978). Factors to be considered by the court include: (1) the extent to which the defendant's unlawful intent is established by other evidence; (2) the overall similarity of the extrinsic and charged offenses; and (3) how much time separates the extrinsic and charged offenses [because] temporal remoteness depreciates the probity of the extrinsic offense. Beechum, 582 F.2d at 915.

In the instant case, there can be no question that the posting on the U.S. News and World Report, placed there by the defendant on the same day she sent the threatening email to Brandon Darby is relevant to a key issue in this case, that is, the defendant's intent. Indeed, there could rarely be a more clear expression of intent than someone saying, "This is one case when I think that it would be totally appropriate to commit an act of violence against Brandon." Moreover, this posting is highly probative if the defense argues that Brandon Darby somehow invited the threatening email. Thus, the first criterium of the Rule 404(b) analysis is satisfied. The next question to be considered by the court is whether this statement's probative value substantially outweighs its prejudicial impact. Applying the factors set out in Beechum, it is clear that it does. First, the defendant's unlawful intent is not established by other evidence in the case. Although the threatening email itself establishes the maker's intent, there is little additional evidence available to the government. The defendant's post-arrest statements include a statement that this was a "crime of passion," a statement that both the government and the defendant will likely argue supports their respective positions. Nevertheless, there is little else in the way of evidence to establish the defendant's intent.

Second, the posting on the U.S. News and World Report website is very similar in nature to the email threat sent directly to Brandon Darby. This is not a remote or different statement in that it is an expression of animosity towards this victim, once again advocating violence against him and

indicating that his life is in danger.[2] Finally, the posting is not remote in time. Indeed, the government has determined that it was sent on the very same day that the email threatening Brandon Darby's life was sent.

The potential for undue prejudice is not significant in the this case. As in the <u>Adair</u> case, the evidence that establishes that this comment was posted on the U.S. News and World Report website will not "occupy a significant portion of the trial." <u>Adair</u>, 436 F.3d at 527. Moreover, the comment posted on the U.S. News and World Report website is "not a more serious offense than the offense with which [the defendant] was charged in the instant case." <u>Id</u>. Finally, any potential prejudicial effect will be mitigated by a limiting instruction from this Court. <u>Id</u>.

Accordingly, the government respectfully requests that the Court grant the instant motion and permit the government to introduce the evidence of the defendant's comment on the U.S. News and World Report website. The government also requests that the Court read a limiting instruction to the jury in order to mitigate any chance of undue prejudice.

---

[2] It should be noted again that this statement was not charged as a crime and indeed might not be appropriately charged, given the potential First Amendment arguments available to defendant. This, of course, does not diminish it's probative nature - if anything, it reduces it's prejudicial impact.

Respectfully submitted,

JOHN E. MURPHY
Acting United States Attorney

By: /s/ Gregg N. Sofer
GREGG N. SOFER
Assistant U. S. Attorney
New York State Bar No. 106209
816 Congress Avenue, Suite 1000
Austin, Texas 78701
Telephone (512) 916-5858
Facsimile (512) 916-5854

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November 2009, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Jose I. Gonzalez-Falla
Federal Public Defender
800 Brazos Street, Suite 490
Austin, Texas 78701

/s/ Gregg N. Sofer
GREGG N. SOFER
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CRIMINAL NO. A-09-CR-240-JRN-1 |
| | ) |
| KATYANNE MARIE KIBBY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Came on to be considered the United States' Motion In Limine, and the Court, having considered said motion, hereby

**ORDERS** that the United States' motion be (GRANTED) (DENIED).

**ENTERED** on this the _____ day of November 2009.

_____
JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE